1   **LAQUER, URBAN, CLIFFORD & HODGE LLP**
    Marija Kristich Decker, State Bar No. 207387
2      Email: *Decker@luch.com*
    225 South Lake Avenue, Suite 200
3   Pasadena, California 91101-3030
    Telephone: (626) 449-1882
4   Facsimile: (626) 449-1958

5
    Counsel for Plaintiffs, Trustees of the Operating Engineers Pension Trust, et al.
6

7
                **UNITED STATES DISTRICT COURT**
8
                **CENTRAL DISTRICT OF CALIFORNIA**
9

10

11   TRUSTEES OF THE OPERATING          CASE NO.:  2:21-cv-7840
     ENGINEERS PENSION TRUST,
12   TRUSTEES OF THE OPERATING
     ENGINEERS HEALTH AND               **COMPLAINT FOR:**
13   WELFARE FUND, TRUSTEES OF THE
     OPERATING ENGINEERS
14   VACATION-HOLIDAY SAVINGS            1. **BREACH OF WRITTEN**
     TRUST, TRUSTEES OF THE                 **COLLECTIVE BARGAINING**
15   OPERATING ENGINEERS TRAINING          **AGREEMENT AND**
     TRUST, TRUSTEES OF THE                 **VIOLATION OF ERISA § 515**
16   OPERATING ENGINEERS LOCAL 12          **[29 U.S.C. § 1145]**
     DEFINED CONTRIBUTION TRUST,
17   ENGINEERS CONTRACT
     COMPLIANCE COMMITTEE FUND,        2. **BREACH OF CONTRACT**
18   and SOUTHERN CALIFORNIA              **(SETTLEMENT**
     PARTNERSHIP FOR JOBS FUND,          **AGREEMENT)**
19
20              Plaintiffs,

21        vs.

22

23   JONATHAN MARTINEZ
     CONSTRUCTION INC., a California
24   corporation; and JONATHAN
     MARTINEZ, an individual,
25

26              Defendants.

27

28

                                    1

Plaintiffs, TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST, TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST, TRUSTEES OF THE OPERATING ENGINEERS LOCAL 12 DEFINED CONTRIBUTION TRUST, ENGINEERS CONTRACT COMPLIANCE COMMITTEE FUND, and SOUTHERN CALIFORNIA PARTNERSHIP FOR JOBS FUND, complain and allege:

<u>**JURISDICTION AND VENUE**</u>

1.      This Court has jurisdiction of this case pursuant to section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. § 1132(e)(1)], which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to section 502(a)(3) of ERISA [29 U.S.C. § 1132(a)(3)], to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA.  Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in section 502(f) of ERISA [29 U.S.C. § 1132(f)].

2.      This Court also has jurisdiction of this case pursuant to section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA") [29 U.S.C. § 185(a)], which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3.      Venue is proper in this Court pursuant to section 502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)], and section 301(a) of the LMRA [29 U.S.C. § 185(a)], in that this is the district in which the Plaintiffs' Trusts (defined below) are administered, the signatory union maintains union offices, and where the contractual obligation is to be paid.

4.      To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

**PARTIES**

5.      Plaintiffs, Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust, Trustees of the Operating Engineers Training Trust, and Trustees of the Operating Engineers Local 12 Defined Contribution Trust (collectively, the "Trustees"), are the trustees of four express trusts (collectively, the "Trusts") created pursuant to written declarations of trust (the "Trust Agreements") between the International Union of Operating Engineers, Local Union No. 12 ("Local 12"), and various multiemployer associations in the construction industry in Southern California and Southern Nevada.  The Trusts are now, and were at all times material to this action, labor-management multiemployer trusts created and maintained pursuant to section 302(c)(5) of the LMRA [29 U.S.C. § 186(c)(5)].  The Trustees, as trustees of the Trusts, are "fiduciar[ies]" with respect to the Trusts as defined in section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)].  Plaintiff, Engineers Contract Compliance Committee Fund, is established by Local 12 in accordance with Section 6(b) of the Labor Management Cooperation Act of 1978 in order to improve job security and organizational effectiveness.   Plaintiff, Southern California Partnership for Jobs Fund, is an industry-wide advancement fund established by the employers and Local 12.   Collectively, all plaintiffs are referred to herein as the "Plaintiffs."

6.      At all times material herein, Local 12 has been a labor organization representing employees in the building and construction industry in Southern California and Southern Nevada, and a labor organization representing employees in an industry affecting commerce within the meaning of § 301(a) of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)].

///

1578516

7.      At all times material herein, Defendant, Jonathan Martinez Construction Inc., a California corporation ("JMC"), has been a corporation duly organized and existing by virtue of the laws of the State of California with its principal place of business located in Inglewood, California.

8.      At all times material herein, Defendant, Jonathan Martinez, an individual, has been an individual residing and/or doing business in Inglewood, California.

## BARGAINING AGREEMENT AND STATUS OF PARTIES

9.      On or about August 13, 2019, JMC executed and delivered a written collective bargaining agreement (the "Agreement") to Local 12, whereby JMC agreed to be bound by the terms and conditions, with certain exceptions, of certain written and existing collective bargaining agreements between various multiemployer associations and Local 12.   In particular, JMC agreed to be bound by the written Master Labor Agreement ("Master Agreement") in effect between Local 12 and the Southern California Contractors Association, Inc. ("Association").   On or about August 13, 2019, JMC also signed written acknowledgments and acceptances of each of the Trust Agreements.

10.      At all times since at least August 13, 2019, the Master Agreement has been an effective written collective bargaining agreement between the Association and Local 12.  At all times relevant herein, JMC was obligated to the terms and provisions of the Agreement, Master Agreement, and related Trust Agreements.

11.      JMC is an "*employer*," as that term is understood in the Master Agreement and related Trust Agreements.

12.      JMC is an "*employer*" as defined and used in section 3(5) of ERISA [29 U.S.C. § 1002(5)], and therefore, JMC is "*obligated to make contributions to a multiemployer plan*" within the meaning of section 515 of ERISA [29 U.S.C. § 1145]. Plaintiffs are informed and believe, and thereon allege, that JMC is also an "*employer*" engaged in "*commerce*" in an "*industry affecting commerce*," as those terms are defined and used in sections 501(1) and 501(3) of the LMRA [29 U.S.C. §

142(1) and § 142(3)], and within the meaning and use of section 301(a) of the LMRA [29 U.S.C. § 185(a)].

## FIRST CLAIM FOR RELIEF

### Breach of Written Collective Bargaining Agreement and Violation of § 515 of ERISA [29 U.S.C. § 1145] by all Plaintiffs against JMC

13.   Plaintiffs hereby incorporate by reference paragraphs 1 through 12 above to the same effect as if set forth here verbatim.

14.   Section 515 of ERISA [29 U.S.C. § 1145], provides *"[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."*

15.   JMC is an *"employer"* as defined and used in § 3(5) of ERISA [29 U.S.C. § 1002(5)], and is *"obligated to make contributions to a multiemployer plan"* within the meaning and use of section 515 of ERISA [29 U.S.C. § 1145].

16.   By the terms and provisions of the Master Agreement and related Trust Agreements, and at all times material herein:

(A)   JMC agreed to prepare and submit true, complete and accurate written monthly contribution reports ("Monthly Reports") to Plaintiffs on a timely basis showing the identities of its employees performing work covered by the Master Agreement, the number of hours worked by or paid to these employees, and based upon the hours worked or amounts paid to employees, the proper calculation of the fringe benefit contributions due for such employees.  The Monthly Reports are either submitted in hard copy or electronically through an online reporting portal;

(B)   At all times material herein, JMC has been obligated to submit its Monthly Reports and pay its contributions to Plaintiffs at Plaintiffs' administrative offices in Pasadena, California, on or before the 10th day of each successive month; ///

1578516

(C)     JMC agreed to permit Plaintiffs and their agents to conduct audits of payroll and related records in order to determine if fringe benefit contributions have been properly paid pursuant to the Master Agreement and related Trust Agreements; and

(D)     JMC agreed to pay to Plaintiffs fringe benefit contributions, benefits and/or withholdings on a monthly basis, and at specified rates for each hour worked by, or paid to, applicable employees.  These amounts are due and payable at Plaintiffs' administrative offices in Pasadena, California.

17.     JMC submitted Monthly Reports to Plaintiffs reflecting work performed by JMC's employees during the months of January 2021 through March 2021.  By those Monthly Reports, JMC admitted that it owed Plaintiffs fringe benefit contributions totaling at least $18,853.48, but JMC failed to pay to Plaintiffs the fringe benefit contributions due in violation of the Master Agreement and Trust Agreements, and its statutorily-mandated obligation under Section 515 of ERISA [29 U.S.C. § 1145], to timely pay fringe benefit contributions to Plaintiffs pursuant to the Master Agreement and related Trust Agreements for that work.   Failure to pay these contributions is a breach of the Master Agreement and Trust Agreements, and a violation of Section 515 of ERISA [29 U.S.C. § 1145].  The amount of $3,551.54 from installments made by JMC pursuant to the settlement agreement discussed in the Third Claim for Relief below is creditable to the fringe benefit contributions due for January 2021 through March 2021.  The amount of $15,301.94 in fringe benefit contributions remains due by JMC for the work months of January 2021 through March 2021.

///

///

///

///

///

1578516

18.     JMC has failed to submit Monthly Reports and payment of fringe benefit contributions for the months of May 2021 through the present in violation of the Master Agreement and Trust Agreements, and its statutorily-mandated obligation under section 515 of ERISA [29 U.S.C. § 1145]. JMC's failure to submit Monthly Reports for May 2021 through the present is also a breach of the settlement agreement discussed in the Third Claim for Relief.

19.     Plaintiffs are informed and believe, and thereon allege, that JMC has failed to pay or timely pay certain additional amounts of fringe benefit contributions not presently known to Plaintiffs due for work performed from May 2021 forward. These additional amounts will be established by proof.

20.     JMC is a "*delinquent*," as that term is used in the Master Agreement and related Trust Agreements.

21.     Plaintiffs are informed and believe, and thereon allege, that there is no legal excuse for JMC's breach of its obligations under the Master Agreement and related Trust Agreements in violation of section 515 of ERISA [29 U.S.C. § 1145].

22.     JMC has failed to pay or to timely pay contributions owed to Plaintiffs, accruing since at least January 2021. Pursuant to the Master Agreement, JMC agreed that in the event JMC failed to pay or to timely pay fringe benefit contributions or otherwise comply with the terms and provisions of the Master Agreement and related Trust Agreements, JMC would be considered delinquent with Plaintiffs and would pay Plaintiffs the greater of $25.00 per month or ten percent (10%) of the total amount then due as liquidated damages for each delinquency.

23.     Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], in any action by a fiduciary in which judgment is found in favor of the plan, the Court shall award the plan:(i) the unpaid contributions, (ii) interest on the unpaid contributions, (iii) an amount equal to the greater of (a) interest on the unpaid contributions or (b) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under federal or state law) of the amount

determined by the Court to be unpaid contributions, (iv) reasonable attorneys' fees and costs, and (v) such other legal or equitable relief as the Court deems appropriate. For purposes of section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], interest on unpaid contributions shall be determined by using the rate provided under the plan or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 6621.

24. Pursuant to the Master Agreement, related Trust Agreements, and Section 502(g)(2)(C) of ERISA [29 U.S.C. § 1132(g)(2)(C)], JMC owes Plaintiffs liquidated damages in an amount currently unknown to Plaintiffs that will be established by proof.

25. Pursuant to the Master Agreement, related Trust Agreements, and Section 502(g)(2)(B) of ERISA [29 U.S.C. § 1132(g)(2)(B)], JMC owes Plaintiffs interest from the respective due dates on all unpaid fringe benefit contributions. The exact amount of interest owed by JMC to Plaintiffs will be established by proof.

26. By the Master Agreement and related Trust Agreements, JMC agreed to pay Plaintiffs all legal costs and audit costs in connection with the collection of any delinquency, whether incurred before or after litigation is commenced.

27. It has been necessary for Plaintiffs to incur auditing costs and engage legal counsel for the purpose of collecting said contributions and damages, and Plaintiffs are entitled to their reasonable auditing costs and attorneys' fees in connection therewith pursuant to the Master Agreement, Trust Agreements, and Section 502(g)(2)(D) of ERISA [29 U.S.C. § 1132(g)(2)(D)]. The exact amount of the auditing costs and legal fees due and payable has not been ascertained at this time. These amounts shall be established by proof.

28. Pursuant to Section 502(g)(2)(E) of ERISA [29 U.S.C. § 1132(g)(2)(E)], the Court may grant such other legal or equitable relief as the Court deems appropriate. As part of Plaintiffs' judgment, Plaintiffs' shall request the Court to:

///

(A)   Order JMC to post and deliver either a good faith deposit, or a performance bond issued in favor of Plaintiffs in an amount determined by the Court to be appropriate, and

(B)   Order the creation of a constructive trust on all applicable property and order the transfer of the applicable property to Plaintiffs, and

(C)   Order JMC to pay to Plaintiffs all amounts due to Plaintiffs, including, but not limited to, the unpaid contributions, other damages for breach of contract, legal fees, audit costs, and other expenses and damages incurred.

## SECOND CLAIM FOR RELIEF

### *Violation of §515 of ERISA [29 U.S.C. §1145]*

### *By all Plaintiffs against JMC*

29.   Plaintiffs hereby refer to, and incorporate herein by reference, paragraphs 1 through 28, inclusive of sub-paragraphs, above.

30.   Section 515 of ERISA [29 U.S.C. §1145], provides *"[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."*

31.   JMC is an *"employer"* as defined and used in Section 3(5) of ERISA [29 U.S.C. §1002(5)], and is *"obligated to make contributions to a multiemployer plan"* within the meaning and use of Section 515 of ERISA [29 U.S.C. §1145].

32.   Plaintiffs are informed and believe, and thereon allege, that JMC violated its statutorily-mandated obligation to timely pay fringe benefit contributions and other amounts to Plaintiffs.  Plaintiffs are informed and believe, and thereon allege, that there is due and payable from JMC the fringe benefit contributions and other amounts set forth in paragraphs 17-27 above.

33.   Plaintiffs are informed and believe, and thereon allege, that JMC failed to timely cure its violation, and has since continued to violate its statutory obligations.

34.     Plaintiffs are informed and believe, and thereon allege, that there is no pending unsatisfied condition subsequent or legal excuse for JMC's violation of Section 515 of ERISA [29 U.S.C. §1145].

35.     Pursuant to Section 502(g)(2) of ERISA [29 U.S.C. §1132(g)(2)], in any action by a fiduciary in which judgment is found in favor of the Plan, the Court shall award the Plan: (i) the unpaid contributions, (ii) interest on the unpaid contributions, (iii) an amount equal to the greater of, (a) interest on the unpaid contributions or (b) liquidated damages provided for under the Plan in an amount not in excess of 20% (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court to be unpaid contributions, (iv) reasonable attorneys' fees and costs, and (v) such other legal or equitable relief as the Court deems appropriate. For purposes of Section 502(g)(2) of ERISA [29 U.S.C. §1132(g)(2)], interest on unpaid contributions shall be determined by using the rate provided under the Plan or, if none, the rate prescribed under §6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. §6621.   The exact amount of unpaid contributions, benefits, withholdings, damages, reasonable attorneys' fees, court costs, interest, liquidated damages and other expenses allowed by federal statute and owed to Plaintiffs by JMC has not been ascertained at this time.   These amounts shall be established by proof at the time of trial.

36.     As part of Plaintiffs' judgment, Plaintiffs shall also request the relief set forth in paragraphs 22 through 28, inclusive of sub-paragraphs, above.

### THIRD CLAIM FOR RELIEF

*Breach of Contract (Settlement Agreement)*

*By all Plaintiffs against all Defendants*

37.     Plaintiffs hereby incorporate by reference paragraphs 1 through 36 inclusive of sub-paragraphs, to the same effect as if set forth verbatim.

38.     On or about May 14, 2021, JMC and Jonathan Martinez, individually, entered into a written settlement agreement ("Settlement Agreement") with Plaintiffs

to resolve a dispute over JMC's failure to pay fringe benefit contributions and related amounts owed to Plaintiffs pursuant to the Master Agreement and related Trust Agreements based on the unpaid Monthly Reports for January 2021 through March 2021. A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit "A,"** and the terms and provisions of which are incorporated herein as if set forth in full.

39. Pursuant to the Settlement Agreement, JMC and Mr. Martinez, jointly and severally, agreed to pay $21,428.19 to resolve Plaintiffs' claim for January 2021 through March 2021, plus interest on the declining balance, at the rate of eight percent (8%) per annum accruing from April 15, 2021, until the balance was paid in full by paying $1,864.00 on or before April 15, 2021, and a like amount by the fifteenth (15th) day of each month thereafter until all principal and interest due under the Settlement Agreement was paid in full. The Settlement Agreement also required JMC to continue to timely report and pay fringe benefit contributions to Plaintiffs pursuant to the Master Agreement and Trust Agreements. JMC and Mr. Martinez agreed that if they breached the Settlement Agreement by failing to timely pay the monthly installments, and/or failing to adhere to JMC's ongoing monthly contribution obligations under the Master Agreement, and subsequently failed to timely cure any such breach, then Plaintiffs would have the right to file a lawsuit against JMC and Mr. Martinez to collect all amounts owed under the Settlement Agreement, Master Agreement, Trust Agreements and ERISA, including attorneys' fees and costs.

40. JMC and Mr. Martinez, jointly and severally, breached the Settlement Agreement by failing to pay its installment payment of $1,864.00 due on July 15, 2021, and by failing to submit and pay JMC's Monthly Reports for May 2021 through the present. Plaintiffs provided proper notice of the breach to Defendants pursuant to the terms of the Settlement Agreement. Defendants failed to timely cure the breach, resulting in default under the Settlement Agreement. As of September 23,

///

2021, at least $18,233.20 remains due and owing to Plaintiffs under the Settlement Agreement.

41.     There is no pending unsatisfied condition subsequent or legal excuse for Defendants' failure to comply with the terms of the Settlement Agreement.

42.     As a result of Defendants' breach of the Settlement Agreement, Plaintiffs have suffered damages including but not limited to the following: compensatory damages, pre-judgment interest, attorneys' fees and costs, and such other and further relief as will be proved at the time of trial, or that the court may deem proper.

## **PRAYER**

**WHEREFORE**, the Plaintiffs pray for judgment against Jonathan Martinez Construction Inc., a California corporation, as follows:

1.     For unpaid fringe benefit contributions and other amounts due in amounts as proved totaling at least $15,301.94, plus additional amounts as proved;

2.     For liquidated damages in amounts as proved;

3.     For interest at the applicable rate(s) on all amounts due from their respective due dates and thereafter post-judgment in amounts as proved;

4.     For damages for breach of contract in amounts as proved;

5.     For reasonable attorneys' fees in amounts as proved;

6.     For costs of suit incurred herein in amounts as proved; and

7.     For such additional relief as this Court deems just and proper, including, but not limited to, the following:

7.1     An Order for the creation of a constructive trust on all applicable property, and an Order for the transfer of the applicable property to Plaintiffs; and

7.2     For a good faith deposit or performance bond in favor of Plaintiffs in an amount equal to the total amount determined by this Court to be due to Plaintiffs, as proved.

///

///

1578516

1   **WHEREFORE**, the Plaintiffs pray for judgment against Jonathan Martinez
2   Construction Inc., a California corporation, and Jonathan Martinez, an individual,
3   jointly and severally, as follows:

4       1.      For damages for breach of contract of at least $18,233.20 plus additional
5   amounts as proved;

6       2.      For interest at the applicable rate on all amounts due pursuant to the
7   Settlement Agreement;

8       3.      For reasonable attorneys' fees in amounts as proved;

9       4.      For costs of suit incurred herein in amounts as proved; and

10      5.      For such additional relief as this Court deems just and proper.

11

12  Dated:  October 1, 2021          Respectfully Submitted,

13                                    LAQUER URBAN CLIFFORD & HODGE LLP

14
15                                    By: */s/ Marija Kristich Decker*
16                                        Marija Kristich Decker,
                                          Counsel for Plaintiffs, Trustees of the Operating
17                                        Engineers Pension Trust, et al.

18

19                          **<u>WAIVER OF JURY TRIAL</u>**

20      Plaintiffs hereby waive a jury trial in this action.

21

22  Dated:  October 1, 2021          LAQUER URBAN CLIFFORD & HODGE LLP

23
24                                    By: */s/ Marija Kristich Decker*
25                                        Marija Kristich Decker,
                                          Counsel for Plaintiffs, Trustees of the Operating
26                                        Engineers Pension Trust, et al.

27

28

1578516